**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JO ANN KURZ, | No. 12-35854 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00342-EJL-MHW |
| v. | |
| COLLEEN D ZAHN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 14, 2014[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

   Jo Ann Kurz appeals pro se from the district court's judgment pursuant to 28

U.S.C. § 1915(e)(2)(B) dismissing her action arising out of matters related to her

employment as general manager and tennis director of the Boise Racquet and

Swim Club ("the Club").  We have jurisdiction under 28 U.S.C. § 1291.  We

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998), and we affirm.

On appeal, Kurz contends that Colleen Zahn is liable for violating various rules of professional conduct, including failing to provide a warning required by *Upjohn Co. v. United States,* 449 U.S. 383 (1981). However, the district judge adopted the magistrate judge's report recommending the dismissal of this claim. This recommendation was based on the determination that violations of *Upjohn* or other rules of professional conduct do not give rise to tort liability and that Kurz had failed to allege that she had an attorney-client relationship with Zahn, which is a requirement for stating a malpractice claim. In addition, the adopted report did not permit Kurz to amend her complaint because any claim for legal malpractice would be time-barred. Kurz has waived any challenge to these rulings by failing to challenge them on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

The district court also adopted the magistrate judge's recommendation to dismiss Kurz's claims alleging that Zahn misrepresented and concealed information in connection with proceedings before the Idaho Civil Rights Commission. Regardless of the legal label Kurz places on these claims, they are

barred by the litigation privilege because the claims arose from alleged conduct and communications made as part of Zahn's representation of a client in connection with a judicial or quasi-judicial proceeding and the complaint did not allege that Zahn was acting outside the scope of her employment with the Club or acting solely for her own benefit and not the benefit of the Club. *See Taylor v. McNichols*, 243 P.3d 642, 653-55, 657-58, 660-61 (Idaho 2010).

**AFFIRMED**.